BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER (State Bar No. 26202)
HAROLD R. COLLINS (State Bar No. 37114)
515 South Figueroa Street, 17th Floor
Los Angeles, California 90071-3334
Telephone:   (213) 622-4222
Telecopier:   (213) 622-1656
E-mail: mblecher@blechercollins.com
E-mail: hcollins@blechercollins.com

Attorneys for Plaintiff
MAGNETAR TECHNOLOGIES CORP.

BERKE, KENT & WARD LLP
TED S. WARD (State Bar No. 143810)
624 South Grand avenue, Suite 2940
Los Angeles, California 90017
Telephone: (213) 995-2500
Telecopier: (213) 995-2505
E-mail: tward@bkwllp.com

**NOTE: CHANGES MADE BY THE COURT IN BOLD**

Attorneys for Defendant INTAMIN LTD.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAGNETAR TECHNOLOGIES CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTAMIN, LTD., a Maryland corporation,<br><br>Defendant. | ) CASE NO. SACV 07-1052 GAF(JWJx)<br>)<br>) STIPULATED PROTECTIVE ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Subject to the approval of this Court, Magnetar Technologies Corp. ("Magnetar") and defendant Intamin, Ltd. ("Intamin") hereby stipulate to a Protective Order in this action. The following Stipulated Protective Order tracks the Protective Order entered by the Court in the companion case

- 1 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1   <u>Intamin, Ltd. v. Magnetar Technologies Corp.</u>, Case No. SACV 04-511-

2   GAF (JWJx):

3        The Court, having determined that it is appropriate to enter a

4   Protective Order to protect confidential information during discovery and

5   trial, hereby ORDERS AS FOLLOWS:

6        1.   In connection with discovery proceedings in this action, the

7   parties may designate any document, thing, material, testimony, or

8   information derived therefrom, as "Confidential" under the terms of this

9   Stipulated Protective Order (hereinafter "Order").  confidential information is

10  information which has not been made public and which concerns or relates

11  to the processes, operations, type of work, or apparatus, or to the

12  production, sales, shipments, purchases, transfers, identification of

13  customers, inventories, amount or source of any income, profits, losses, or

14  expenditures of any persons, firm, partnership, corporation, limited liability

15  company, or other organization, the disclosure of which information: (a)

16  may cause harm to the competitive position of the person, firm,

17  partnership, corporation, or to the organization from which the information

18  was obtained; or (b) would violate an obligation of confidentiality to a third

19  party, including a court.

20       2.   Confidential documents shall be so designated by stamping

21  copies of the document produced to a party with the legend

22  "CONFIDENTIAL" on each page of the document, preferably in the lower

23  right-hand corner of the page, or as close thereto as feasible.  In the event

24  that only selected pages of a bound multiple-page document are stamped

25  with the "CONFIDENTIAL" legend (<u>e.g.</u>, responses to discovery requests),

26  the first page of the bound document shall also be stamped with the

27  "CONFIDENTIAL" legend to prevent accidental disclosure of the

28  Confidential pages of the document.

3.    Material designated as "Confidential under this Order, the information contained therein, testimony related thereto, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.  The persons receiving Confidential Material are ENJOINED from disclosing it to any other person except in conformance with this Order.

4.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel for a party (including the paralegal, clerical, secretarial, and other staff employed by such counsel), and to the "qualified persons" designated below:

(a)    a party, or an officer, director, in-house counsel, or employee of a party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

(b)    independent experts or consultants (together with their clerical staff) retained by such outside counsel to assist in the prosecution, defense, or settlement of this action, provided that the conditions set forth in Paragraph 9 below have been satisfied;

(c)    court reporters employed by any party in this action;

(d)    judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

(e)    any other person as agreed by the parties in writing.

Prior to receiving any Confidential Material, each "qualified person" defined in Subparagraphs (a), (b) and (c) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A, a signed copy of which shall be provided forthwith to counsel for each party.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

5.    Depositions that involve confidential information as defined above shall be taken only in the presence of qualified persons, as defined in Paragraph 4 above, except as further limited by Paragraph 6 below.

6.    The parties may further designate certain confidential Material of a highly confidential and/or proprietary nature as "confidential -- attorneys' eyes only" (HEREINAFTER "Attorneys' Eyes Only Material") in the manner described in Paragraphs 2, 3 and 7, and the provisions of those paragraphs apply equally to Confidential Material and Attorneys' Eyes Only Material.  Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for the parties, and to the "qualified Persons" listed in Subparagraphs 4(b), (c) and (d) above, but shall not be disclosed to a party, or to an officer, director, in-house counsel, or employee of a party, unless otherwise agreed in writing or ordered by the Court.  If disclosure of Attorneys' Eyes Only Material is made pursuant to this Paragraph, all other provisions in this order with respect to its confidentiality shall also apply.  Information, documents and things designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to highly sensitive confidential business information that the designating party believes in good faith is likely to cause harm to the competitive position of the designating party and should not be revealed to the principals and employees of the non-designating party due to the competitive relationship between the parties.  Designation of information "CONFIDENTIAL -- ATTORNEYS' ONLY" shall be limited to sensitive business information relating to inventory, sales, non-public financial records, customer information, costs and suppliers, confidential product designs, trade secrets, competitive analyses, business plans, market studies and forecasts, meeting minutes, licensing agreements, internal memoranda and customer correspondence.  The categories listed above

- 4 -

1  shall not preclude the parties from agreeing that information not specifically

2  listed above should be maintained "CONFIDENTIAL -- ATTORNEYS'

3  ONLY."

4      7.    If a producing party elects to produce documents and things for

5  inspection at its premises rather than producing documents through its

6  counsel, that party need not label the documents and things in advance of

7  that inspection.  For purposes of the inspection, all documents within the

8  produced files will be considered as having been produced under the

9  "CONFIDENTIAL -- ATTORNEYS' ONLY" strictures.  During the inspection

10  at the producing party's premises, the inspecting party may select specific

11  documents or groups of documents for production by the producing party.

12  The producing party shall have fifteen (15) calendar days from the date of

13  the scheduled date of production to mark selected documents as

14  "Confidential Material" or "Confidential - Attorneys' Eyes Only" Material, as

15  appropriate, to the inspecting party.  <u>All</u> documents selected for production

16  by the inspecting party must be produced by the producing party within the

17  fifteen-day period, or must be otherwise identified on an accompanying

18  privilege log.

19      8.    Testimony taken at a deposition, conference, ~~hearing, or trial~~

20  may be designated as Confidential or Attorneys' Eyes Only by making a

21  statement to this effect on the record at the deposition or other proceeding.

22  arrangements shall be made with the court reporter taking and transcribing

23  such proceeding to separately bind the pages of the deposition transcript

24  containing information designated Confidential or Attorneys' Eyes Only,

25  and to label the separately bound pages appropriately.

26      9.    Attorneys' Eyes Only Material may be disclosed to an

27  independent expert or consultant pursuant to subparagraph 4(b) above,

28  only under the following conditions:

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

(a)   Prior to disclosing any Attorneys' Eyes Only Material designated by another party to any expert or consultant, the party proposing the disclosure shall provide opposing counsel with written notice of that disclosure and an executed Nondisclosure Agreement in the form of Attachment A, together with the expert's or consultant's résumé or curriculum vitae, including the name, address, and current employment (if any) of such expert or consultant, and identify the nature of the materials the party intends to disclose.  In addition, the party seeking disclosure must include in its written notice to opposing counsel an informed statement whether the independent expert or consultant has presently or has had in the past a consulting relationship, or any other kind of contractual or employment relationship, with either (i) the party seeking to disclose the Attorneys' Eyes Only Material, or (ii) any company that designs, manufactures and/or sells magnetic brakes.  Such notice shall be provided at least ten (10) calendar days prior to the first proposed disclosure to each independent expert or consultant, unless otherwise agreed by the parties in writing.

(b)   Opposing counsel agree that they will not depose or interview such expert or consultant until and unless the expert is designated as a testifying expert by the party proposing the disclosure.

(c)   In the event that the producing party objects in writing to the proposed disclosure during the above-stated ten-day period, and the parties are unable to agree on the disclosure that may be made, the objecting party shall have fifteen (15) days to move the Court for an Order preventing disclosure of the Attorneys' Eyes Only Material.  No Attorneys' Eyes Only Material shall be disclosed to an independent

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  expert or consultant until any objections to the disclosure of the

2  information have been resolved by the parties or the Court.

3      (d)   Following the first proper disclosure of  Attorneys' Eyes

4  Only Material to each independent expert or consultant, the

5  procedures of this Paragraph need not be repeated for subsequent

6  disclosures to that same independent expert or consultant, provided

7  that information included in each such subsequent disclosure is

8  within the scope of the nature of the information originally identified

9  by the disclosing party.

10      (e)  Outside counsel for the parties, their associate counsel, and

11  such counsel's support personnel, patent agents, legal assistants,

12  and clerical personnel who have access to the opposing party's

13  "Confidential - Attorneys' Eyes Only" documents, testimony or

14  information will not be substantively involved in patent prosecution

15  through the selection or identification of the subject matter of any

16  patent claims or the preparation or drafting of any patent claims

17  relating to magnetic brakes, claiming priority to any patent application

18  filed on a date earlier than one year after the final conclusion of this

19  litigation on behalf of, or in connection with the patent applications

20  assigned to, any of the following entities: Intamin, Ltd., or Magnetar

21  Technologies Corp.

22     10.  Nothing herein shall impose any restrictions on the use or

23  disclosure by a party of information legally and properly obtained by such

24  party independent of discovery in this action, whether or not such

25  information is also obtained through discovery in this action, or from

26  disclosing its own Confidential or Attorneys' Eyes Only information as it

27  deems appropriate.  Further, nothing herein shall preclude a party from

28  having Confidential or  Attorneys' Eyes Only information copied,

Printed on Recycled Paper

1  reproduced, or adapted by an outside professional copying, reproduction,

2  or demonstrative exhibit preparation service, provided that the party using

3  such a service takes all steps reasonably available to protect the

4  confidentiality of such information.

5      11.  If Confidential Attorneys' Eyes Only information, including any

6  portion of a deposition transcript designated as Confidential or Attorneys'

7  Eyes Only information, is included in any papers to be filed with the Court,

8  such papers shall be labeled "CONFIDENTIAL -- FILED UNDER SEAL

9  PURSUANT TO COURT ORDER" and filed under seal (in a manner in

10  accordance with the Court's Local Rules) until further Order of the Court.

11      ~~12.   In the event that any Confidential or Confidential -~~

12  ~~Attorneys' Eyes Only information is used in any open court~~

13  ~~proceeding in this action, it shall not lose its confidential status~~

14  ~~through such use, and the party using such material shall take all~~

15  ~~steps reasonably available to protect its confidentiality during such~~

16  ~~use.  Information designated as Confidential or Attorneys' Eyes Only~~

17  ~~information shall be maintained at that designation during trial and~~

18  ~~appeal, unless the parties shall first otherwise agree in writing or this~~

19  ~~Court rules otherwise.~~  The failure of a party to designate its information

20  as Confidential or Confidential - Attorneys' Eyes Only shall operate as a

21  waiver.

22      13.  Designation of documents or other specified information as

23  Confidential or Attorneys' Eyes Only by either party, or receipt of

24  documents or information so designated, shall not be considered as

25  determinative of whether the contents of the documents or the information

26  specified are entitled to be deemed as such.  A party shall not be obligated

27  to challenge the propriety of a designation of information as protected at

28  the time made.  Subject to Paragraph 14 below, the Order shall be without

BLECHER & COLLINS

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

prejudice to the right of the parties: (a) to bring before the Court at any time the question of whether any particular document or information is ro is not confidential or whether its use should or should not be restricted; or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

14.  If any party to the action disagrees at any stage of the proceedings with a confidentiality designation, the parties shall first attempt to resolve any such dispute in good faith on an informal basis:

(a)   The party challenging the designation shall provide to the producing party written notice of the disagreement, specifically identifying the confidential or Attorneys' Eyes Only Material in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation.

(b)   The producing party shall respond in writing to the challenging party's notice within ten (10) calendar days, articulating the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for an Order to otherwise designate the Confidential or Attorneys' Eyes Only information.

(c)   If the dispute cannot be resolved between the parties without intervention by the Court, the party challenging the confidentiality designation may move the Court requesting appropriate relief.

15.  No information shall be disclosed to a person not authorized to receive it until the parties shall have first so agreed in writing, or the Court has so ruled.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

16.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

17.    Third party witnesses may invoke all of the provisions of this Order that are available to the parties.  This provision does not abridge a third party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the third party's own motion or on a motion brought on its behalf by an objecting party.  The party seeking information from a third party witness who may possess Confidential or Attorneys' Eyes Only information of the other party in the litigation shall provide a copy of this Order to that third party witness prior to any production from that witness.  The party seeking production shall inform that third party witness of its rights under this Order and its ability to designate any material it produces as Confidential or Confidential -- Attorneys' Eyes Only.

18.  This Order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

19.  This Order shall survive the final termination of this action and extend through any appeal, to the extent that the information contained in Confidential or Attorneys' Eyes Only material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon

*Printed on Recycled Paper*

1   termination of the case, counsel for the parties (including the paralegal,

2   clerical, secretarial, and other staff employed by such counsel) shall

3   assemble and return to each other all documents, material, and deposition

4   transcripts designated a Confidential or Confidential -- Attorneys' Eyes

5   Only, and all copies of same or, upon permission of the other party, shall

6   certify the destruction thereof.  However, outside counsel for each party

7   may retain for archival purposes only one (1) set of all Court filings,

8   discovery requests, discovery responses, deposition transcripts and

9   exhibits  thereto, trial exhibits, a copy of the record on appeal, and attorney

10  correspondences, which may contain the other party's Confidential and

11  Attorneys' Eyes Only information.  **The Court and its personnel shall not**

12  **be subject to the terms of this agreement.**

IT IS SO ORDERED.

DATED: ___September 2, 2008_____

_____/ S /_____

UNITED STATES MAGISTRATE JUDGE

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order entered in <u>Magnetar Technologies Corp. v. Intamin, Ltd.</u>, United State District Court for the Central District of California, Civil Action No. SACV 07-1052 GAF (JWJx), a copy of which has been provided to me, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.  Further, to the extent I receive Confidential or Attorneys' Eyes Only information in connection with this litigation, I agree that I will hold that information in confidence in accordance with the terms of the Order.  I understand that I am to retain all copies of the information that I receive that have been designated as Confidential or Confidential -- Attorneys' Eyes Only in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all documents and things marked Confidential or Confidential - Attorneys' Eyes Only that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order.  I hereby consent to the jurisdiction of aid Court for purposes of enforcing this Order.

Signed _____

Dated _____

36876.1

- 12 -

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW